FREDERICK KAPP v. CHARLES BARTHAN and others.

Where the complaint, in an action by a plaintiff against his copartners, prays for a dissolution of the firm, the taking an account, the appointment of a receiver, and that the defendants pay to him a sum specified; the report of a referee, stating as in ordinary cases the facts found by him and his conclusion that a certain amount is due to the plaintiff for which he is entitled to judgment, is erroneous.

Such an action is in the nature of a suit in equity, under our former practice. The referee should go on and take an account; and the plaintiff's remedy, if any thing is found due him, is by application to the court for the appointment of a receiver and a sale of the partnership effects.

In a suit brought to dissolve a copartnership association, a member who has withdrawn therefrom since the liability accrued, is not a competent witness for the defendants, where the effect of a judgment in their favor would be to discharge a claim, for which he continues jointly liable with them notwithstanding his withdrawal.

An article in the constitution of a copartnership association, that all matters in dispute between the members thereof, shall be left to arbitration, will not deprive a partner of the right to bring an action for a dissolution.

Where an amended answer has been served, the issue is to be tried upon it. It is a substitute for the original answer, which is no longer to be treated as a pleading in the cause.

THE complaint in this cause alleged that the plaintiff and the defendants had formed a copartnership association, called The German Book Printers' and Authors' Society, having for their principal object the publication of a newspaper, styled The New York Evening Gazette. The association was governed by a constitution, in which it was provided, among other things, that each member should contribute, by instalments, $100 to the capital stock. The plaintiff was employed as chief editor, at a fixed weekly compensation. He contributed in cash $45 to the capital, receiving therefor certificates of stock; (which the plaintiff offered to surrender on the trial;) and it was agreed that he should be credited with the amount of each week's salary until such credits with the $45 reached the sum of $100, when the compensation was to be paid from time to time as it was earned.

The constitution also contained a provision, that any member might withdraw from the association, upon a notice of three months, and that the cash capital which had been contributed by such member should then be repaid to him at his request.

The plaintiff, upon giving the requisite notice, withdrew from the society, and commenced this action against the remaining members. The complaint, after alleging the above facts, and averring that an additional amount was due to the plaintiff for his services, and that the defendants were about to dispose of the joint effects, concluded with a prayer, that the defendants might be restrained from interfering with the copartnership property; that the partnership might be dissolved, an account be taken, a receiver appointed, &c., and that the plaintiff might have judgment for a sum mentioned, with interest.

The cause, being at issue upon the complaint, amended answer, and reply, was referred generally, for trial. The referee reported, stating the facts found by him substantially as above set forth, and concluded with the ordinary finding of a sum due to the plaintiff, recommending that he have judgment, as in actions at law upon a money demand on contract.

The cause came up to the general term, on a motion upon a case made to set aside the report. Other facts relating to the points decided appear in the opinion.

*J. H. Stewart* and *John T. Mayo*, for the defendants.

*Charles A. May* and *J. A. Stemmler*, for the plaintiff.

BY THE COURT. DALY, J.—This judgment was erroneous. The action was brought for a dissolution of the partnership as between the plaintiff and the defendants, and for the taking of an account; and if the referee found for the plaintiff upon the issue raised by the answer, he should have also found that the defendants were liable to account, and should then have proceeded to take the account.

His finding upon the question of fact appears to have been correct. There is nothing in the case to show that the defend-

ants were incorporated as a joint stock company, by special act, or under any of the general acts passed for that purpose. There was merely a voluntary association or partnership. Nor is this an action at law by one partner against another, but an action analogous to the former proceedings in equity for a dissolution and accounting. The plaintiff was entitled to withdraw upon giving the three months notice, and to his share in cash. The constitution does not define what is meant by his share, and it must therefore be taken to be his actual interest, whatever it was at the time of his withdrawal.

The receipt of certificates of stock for the amount paid in by him, payable in two years, might be an answer to any demand for that amount, before the certificate became due, did the constitution not provide that upon a member's withdrawal, his share should be paid in cash.

The members of the association who had withdrawn were properly excluded as witnesses. The effect of a judgment in favor of the defendants would be to discharge a claim, for which, as members of the company, they would be jointly liable. That they had withdrawn, would not affect the nature of their interest.

The clause in the constitution providing for the settlement of disputes by arbitration, would not deprive the plaintiff of the right to maintain the action, and was therefore properly disregarded by the referee.

The referee was also right in trying the issue as presented by the amended answer. It is the substitute for the original answer, which is no longer to be treated as a pleading in the case.

The referee should go on and take an account, and when the share to which the plaintiff is entitled is ascertained, the plaintiff's remedy will be to apply to the court to order a sale of the joint effects, the appointment of a receiver, &c., proceeding as was usual under the former equity practice.

The claim for wages under the peculiar agreement entered into by these parties, must be taken into account in determining the share of the plaintiff at the time of his withdrawal.

Judgment reversed, and cause referred back to the referee, with costs to abide the event.